In the Matter of LEWIS J. BLUM, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE BAR OF THE CITY OF NEW YORK, the NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, April 15, 1969.

*Angelo T. Cometa* (*Edward C. Walsh* with him on the brief), for petitioner.

*Jerome Karp* of counsel (*Cohen & Karp,* attorneys), for respondent.

*Per Curiam.* This disciplinary proceeding was brought by the Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York, the New York County Lawyers Association and the Bronx County Bar Association. Respondent was admitted to the Bar on June 23, 1954 by the Appellate Division, Second Department. Thereafter he maintained an office for the practice of law in the First Judicial Department.

The respondent is charged with the failure to file closing statements in a number of personal injury cases as to which he had, however, duly filed notices of retainer, and he is further charged with neglect in prosecution of certain personal injury actions. Respondent, in his answer and his testimony before the Referee, admitted these charges but denied a charge (No. 2), failure to co-operate in the Co-ordinating Committee's inquiry, and a charge (No. 11), failure to maintain a special account from January 1, 1963 to March 31, 1967, with a failure to preserve financial records of settlement proceeds distributed in that period. The Referee found that Charge No. 2 was not established and we agree.

During the period covered by Charge No. 11 the record establishes that respondent disposed of only four personal injury cases. Three of these were infants' cases, and the proceeds were distributed directly by the defendants. In the fourth case the respondent delivered to his client his personal check simultaneously with indorsement by the client of the check for the proceeds of the settlement. We conclude that this charge was not established by the evidence.

The Referee's report is in all respects confirmed except as to Charge No. 11 which we do not find established by the evidence and which is therefore disaffirmed.

At the time of the respondent's misconduct he was a young inexperienced member of the Bar attempting to practice law while he was a full-time employee. He has an otherwise unblemished record. He has shown contrition by making full disclosure to the Co-ordinating Committee, admitting the charges against

8

him and throwing himself upon the mercy of the court. Incidentally, also, he has waived the defense of the Statute of Limitations with respect to any action which may be brought against him for malpractice in his neglect of the personal injury cases.

Although the charges involve serious professional misconduct, the measure of discipline should be fixed in light of the foregoing and other extenuating circumstances present in this particular case. Respondent should be suspended for a period of two years.

EAGER, J. P., TILZER, McGIVERN, MARKEWICH and NUNEZ, JJ., concur.

Respondent suspended for a period of two years effective May 15, 1969.